UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MELISA CARD,
       - Plaintiff

   v.                              CIVIL NO. 3:09-CV-1102 (CFD)(TPS)

MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION
       - Defendant

**<u>Ruling and Order on Plaintiff's Motion for Remand Before New ALJ</u>**

    On May 28, 2010, the plaintiff, Melisa Card, filed a motion to reverse the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying her application for Social Security Disability Insurance("SSDI") benefits.  In the alternative, the plaintiff moved the court to remand her case for a new administrative hearing.  On June 24, 2010, the Commissioner moved to voluntarily remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  With the consent of plaintiff's counsel, the court granted the Commissioner's motion for voluntary remand. Pending before the court is the plaintiff's motion for the Commissioner to remand this case for a hearing before a different Administrative Law Judge ("ALJ") than the ALJ, Ronald J. Thomas, who presided over her first hearing.  For the reasons set forth below, the plaintiff's motion is **DENIED**.  28 U.S.C. § 636(b).

I.  **Applicable Legal Standard**

The decision to remand a Social Security case to a different ALJ is generally reserved for the Commissioner. Dellacamera v. Astrue, No. 3:09-CV-1175 (JBA), 2009 WL 3766062, at *1 (D. Conn. Nov. 5, 2009)(citing Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993)). Courts may interfere with the Commissioner's decision only upon a showing of bias or partiality on the part of the original ALJ. Id. (Internal citations omitted.) There is a rebuttable presumption that the original ALJ is unbiased. See Schweiker v. McClure, 456 U.S. 188, 195. The plaintiff, as the party asserting the ALJ's bias, bears the burden of rebutting that presumption by demonstrating a "conflict of interest or some other specific reason for disqualification." Id. at 195-96. To prove bias, the plaintiff must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir. 2001)(quoting Liteky v. United States, 510 U.S. 540, 551 (1994)). Importantly, "[a]ny alleged prejudice on the part of the decisionmaker must be evidence from the record and cannot be based on speculation or inference." Navistar International Transportation Corp. v. U.S. EPA, 941 F.2d 1339, 1360 (6th Cir. 1991).

II. **Legal Discussion**

The plaintiff frames her argument using two different methods

of analysis.  She first relies on the three factors for the reassignment of judges in Social Security cases set forth in Hughes v. Chater, No. 96-6070, 1996 WL 649352, at *1 (2d Cir. Nov. 8, 1996)(citing United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977)).  The Robin factors include: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."  United States v. Robin, 553 F.2d at 10.

Second, the plaintiff proceeds under the four-factored analysis set forth in Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004), and recently reaffirmed in this district by Judge Arterton in Dellacamera v. Astrue, 3:09-CV-1175(JBA), 2009 WL 3766062, at *2 (D. Conn. Nov. 5, 2009):

> Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate.  Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

Although the three Robin factors have been used in the District of Connecticut to determine whether a Social Security disability case should be remanded to a different ALJ, see Maggipinto v. Astrue, 541 F. Supp. 2d 477, 479 (D. Conn. 2007), subsequent decisions in this district have applied the four Sutherland factors instead. See, e.g., Barlow v. Astrue, No. 3:09-CV-729(JBA) (D. Conn. Sept. 24, 2009); Dellacamera, 2009 WL 3766062, at *2; Rosado v. Astrue, No. 3:09-CV-440(PCD) (D. Conn. Feb. 2, 2010).  In light of the prevailing trend in this district, this court will utilize the four Sutherland factors to decide the instant motion.

The first factor asks the court to consider whether the ALJ gave a clear indication that he will not apply the appropriate legal standard on remand.  Sutherland, 322 F. Supp. 2d at 292.  The plaintiff argues that because the ALJ did not adhere to the appropriate legal standard during the first hearing, there is "no reason to believe" that he will do so on remand.  Pl.'s Mot. 8. Specifically, the plaintiff points to the ALJ's alleged failure to apply the Treating Physician Rule ("TPR") in "anything approaching the proper manner" as evidence that the ALJ is unwilling to follow the regulations.  Furthermore, the plaintiff asserts that the Commissioner, in his motion to voluntarily remand this case to the ALJ, "implicitly admits that ALJ Thomas did not sufficiently consider the evidence of plaintiff's lupus, that he improperly evaluated the opinions and findings of treating medical sources,

4

that he improperly evaluated the plaintiff's credibility, and that he failed to adequately assess plaintiff's residual functional capacity." Id. at 7.

What the plaintiff fails to provide, however, is a clear indication that the ALJ cannot or will not apply the appropriate legal standard on remand. The plaintiff has not offered any evidence that the ALJ is unwilling to follow the Commissioner's regulations on remand. Indeed, as the plaintiff declared in the instant motion, "neither party alleges that ALJ Thomas made any comments that clearly indicate that he will not apply the appropriate legal standard on remand . . . ." (Internal quotation marks omitted.) Id. In the absence of such comments, the court finds that the plaintiff has not established the first Sutherland factor.

The second factor asks the court to consider whether the ALJ clearly manifested bias or inappropriate hostility toward any party. Sutherland, 322 F. Supp. 2d at 292. The plaintiff begins her argument by noting that ALJ Thomas was "uniformly courteous and civil to the plaintiff at the hearing." Pl.'s Mot. 9 n.2. Nevertheless, the plaintiff asserts that the evidence of the ALJ's clearly manifested bias and inappropriate hostility is "not subject to direct proof." Rather, the plaintiff alleges that ALJ's hostility is manifested by the following: (1) the ALJ's adverse credibility findings "without any basis;" (2) the way that the ALJ

"cherry-picked" the record to find statements that supported his "pre-determined conclusions" while ignoring statements that detracted from said conclusions; and (3) the ALJ's manufacture of doubt, of which he gave the Commissioner benefit. Pl.'s Mot. 9. In addition, the plaintiff once again cites the ALJ's "highly irregular" refusal to properly apply the TPR as evidence of his hostility and bias against her. Id.

The plaintiff's admission that the ALJ was "uniformly courteous and civil" toward her at the hearing is fatal to her argument. To prevail, the plaintiff must provide evidence of *clearly manifested* bias or inappropriate hostility. The plaintiff has failed to offer any such evidence, whether in the ALJ's decision or in the transcript of the administrative hearing held before him. In the absence of any clear evidence demonstrating that the ALJ was inappropriately hostile towards or biased against the plaintiff, the court finds that the plaintiff has not established the second Sutherland factor.

The third factor asks the court to consider whether the ALJ clearly refused to consider portions of the testimony or evidence favorable to a party, due to apparent hostility towards that party. Sutherland, 322 F. Supp. 2d at 292. The plaintiff once again points to the Commissioner's allegedly implicit admission "that ALJ Thomas did not sufficiently consider the evidence of plaintiff's lupus, that he improperly evaluated the opinions and findings of

6

treating medical sources, that he improperly evaluated the plaintiff's credibility, and that he failed to adequately assess plaintiff's residual functional capacity." Pl.'s Mot. 7.

It is true that in his motion for voluntary remand, the Commissioner asked that the ALJ "evaluate the opinions of Plaintiff's treating psychiatrist, Dr. David Zucker, as well as all of the opinions from other treating and non-treating sources . . . being sure to explain the weight given to each opinion" and to "further assess Plaintiff's credibility in view of the medical and non-medical evidence of record." Def.'s Mem. Supp. Mot. Remand 1. Yet the plaintiff's characterization of the Commissioner's requested remand instruction is overreaching. The plaintiff has not demonstrated that the ALJ clearly refused to consider any evidence favorable to a party, due to apparent hostility to a party. Leaving aside the fact that the plaintiff has not shown that the ALJ clearly refused to consider any evidence favorable to her, the plaintiff has not even shown that the ALJ was hostile towards her. Rather, she noted that the ALJ was "uniformly courteous and civil towards [her]." Pl.'s Mot. 9 n.2. Consequently, the court finds that the plaintiff has not established the third Sutherland factor.

The fourth and final factor asks the court to consider whether the ALJ refused to weigh or consider evidence with impartiality, due to apparent hostility towards that party. Sutherland, 322 F.

Supp. 2d at 292. The plaintiff claims that "ALJ Thomas's decision reads like the writing of a man who has decided that he is going to deny the claimant and who has cherry-picked the Record to support that conclusion." Pl.'s Mot. 10. The plaintiff, however, has failed to meet his burden of showing that the ALJ manifested clear bias or partiality. While the plaintiff claims that "circumstances do evidence a *possible* barrier on the part of ALJ Thomas to consider the evidence with impartiality" (emphasis added), she has not provided any evidence that the ALJ outright refused to consider evidence due to his hostility towards her. Consequently, the court finds that the plaintiff has not established the fourth Sutherland factor.

**III. Conclusion**

In light of the plaintiff's failure to sufficiently establish any of the four Sutherland factors, the court remains unconvinced that there are serious concerns about the fundamental fairness of the manner in which ALJ Thomas will handle this case on remand. Unlike in Sutherland, 322 F. Supp. at 293, in which the ALJ's hostility towards the plaintiff and her treating physician was clearly manifested in an opinion which sarcastically discussed the plaintiff's subjective complaints as well as the treating physicians' reports and qualifications, the plaintiff in this case has not pointed to any clear evidence that the ALJ will not apply the correct legal standard on remand, refused to consider all the

evidence in this case, or demonstrated inappropriate bias or hostility toward any party.  In other words, the plaintiff has not shown that "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'"  <u>Rollins v. Massanari</u>, 261 F.3d 853, 858 (9th Cir. 2001)(quoting <u>Liteky v. United States</u>, 510 U.S. 540, 551 (1994)).  Accordingly, the plaintiff's motion to remand this case to a different ALJ is **DENIED**.

This is not a recommended ruling.  This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review.  <u>See</u> 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 6(a), 72(a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court. <u>See</u> 28 U.S.C. § 636(b)(1) (written objections to magistrate's ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 9th day of November, 2010.**

                                                                               **/s/ Thomas P. Smith**
                                                                               **Thomas P. Smith**
                                                                               **United States Magistrate Judge**